

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. S. Bussey, Chief
Division of Weights & Measures
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. 0-4703
Re: Traveling expenses to "con-
vention."

Your letter of July 9 asks the opinion of this De-
partment on the following question:

Are employees of the Weights & Measures Division
entitled to traveling expenses from State appropriations, in-
curred in attending the meeting of the Texas Weights & Measures
Association?

You enclose a copy of the Constitution and By-laws
of this Association, which we quote in full:

"PREAMBLE:

"The object of this Association shall be to
promote uniformity in the enforcement of the Weights
and Measures Laws of this State, to secure better
weighing and measuring devices, to discourage un-
fair practices of unscrupulous dealers in defraud-
ing the public, to secure the co-operation of all
concerned for bettering the condition of dealing
in commodities, to secure honest weights and mea-
sures, and a square deal for the people of Texas.

"ARTICLE I
"Section 1. - The name of this Organization
shall be the "Texas State Weights and Measures
Association."

"ARTICLE II
"Section 1. - Any State or City Inspector or
Deputy Inspector of Weights and Measures in Texas
shall be eligible for active membership.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Section 2. - Repairmen, inspectors of weighing and measuring devices, and individuals having an interest in weighing and measuring problems may become associate members.

"Section 3. - Manufacturers, jobbers, wholesalers and firms, companies, corporations or associations having an interest in or are concerned with weights and measures work, may become associate members.

"Section 4. - Associate members, as individuals or otherwise, shall have a voice in all proceedings, but shall not vote.

"Section 5. - Honorary membership may, upon recommendation of the executive committee, be conferred upon those persons who have performed outstanding service in behalf of the association.

"ARTICLE III
"Section 1. - The officers of this association shall be a President, a Vice-President, a Secretary-Treasurer, and an Assistant Secretary. There shall also be an Executive Committee of five members, made up of the President, the Vice-President of the association, and three other active members of the association. All the foregoing offices shall be filled by election at the annual meeting of the Association from its active membership. Vacancies in any office may be filled by appointment by the executive committee for the unexpired term.

"Section 2. - The Commissioner of Agriculture and the Chief of the Weights and Measures shall be ex-officio members of the executive committee.

"Section 3. - The president shall preside at all meetings, shall preserve order, enforce the constitution and by-laws, call special meetings, shall be ex-officio chairman of the executive committee, and shall appoint necessary committeex to carry on the work of the association, including a three-member nominating committee.

"Section 4. - The President or Secretary-Treasurer shall have power to send floral tributtes in event of sickness or death in the household of a member of the association.

"Section 5. - In the absence of the president, the duties of his office shall devolve upon the vice-president.

"Section 6. - The Secretary-Treasurer shall keep records of all proceedings, shall collect all dues, giving receipt therefor, and shall pay all bills on the approval of the President. He shall make a financial report at each regular meeting. With the consent and approval of the president, the secretary-treasurer may purchase such books, postage, supplies and statinnery as are necessary in the conducting of this office. He shall file a bond in the sum of $1,000, which bond shall be in the custody of the president. He shall receive a salary of $50.00 per annum.

"Section 7. - The assistant secretary shall perform the duties of the secretary in his absence, or upon his recommendation.

"Section 8. - The executive committee shall assist the president in making arrangements for all gatherings of the association, business or otherwise.

"ARTICLE IV
"Section 1. - The period from the close of one regular meeting to the close of the next regular meeting shall constitute the association year.

"Section 2. - The dues shall be $2.00 per year for members under Article II, Section 1; $2.00 per year for Article II, Section 2; and $10.00 per year for Article II, Section 3. Members in arrears for dues shall in no case be allowed to vote or hold office.

"ARTICLE V
"Section 1. - The regular meeting of the association shall be held on approximate annual dates

and at a place decided upon by the association or selected by the executive committee in case no meeting place is designated by the association.

"Section 2. - The dates of the annual meeting shall be determined by the executive committee. No such meeting shall be called within 60 days of a regular meeting.

"Section 3. - Special meetings may be called by the president upon request of the executive committee.

"A RTICLE VI
"Section 1. - One-third of the members shall constitute a quorum. All voting shall be confined to active members.

"Section 2. - All election of officers shall be by ballot. A majority of all votes cast shall constitute a choice.

"Section 3. - The term of office shall be one year, or until a successor has been elected.

"ARTICLE VII
"Section 1. - The order of business of any regular meeting of the Association shall be as follows:

1. Call to order, by president.
2. Intro duction of guests.
3. Appointment of Committees.
4. Program.
5. Unfinished business.
6. Secretary-Treasurer's report.
7. Report of Committees.
8. Election of Officers.
9. Adjournment.

"ARTICLE VIII
"Section 1. - This constitution may be altered, amended, or added to only by a two-thirds vote of the members present at the annual meeting of the Association. To be considered, any proposed change in the constitution shall be submitted in writing to the president, at least 30 days before the date

"of the next annual meeting, and copies of such
proposal shall be promptly supplied by the presi-
dent to all active members of the association. The
proposal shall then be acted upon at the next annual
meeting."

It seems that the Comptroller has refused payment of
expenses of your employees incurred in attending the Annual meet-
ing of this association on May 7th and 8th, because in his opin-
ion the meeting was a "convention," and the advance approval of
the Attorney General was not obtained as required by the cur-
rent departmental appropriation bill in the following term:

"No moneys appropriated herein shall ever be
spent to pay the traveling expenses of any State
employee to any type of convention within the State
or without the State except upon advance written
approval of the Attorney General as being for State's
business."

Under this provision, traveling expenses incurred in
attending a "convention" cannot be paid unless before they were
incurred the written approval of the trip must be separately ap-
proved; this Department will not undertake to give blanket au-
thorizations.

We are of the opinion that the meeting involved con-
stituted a "convention" within the meaning of the appropriation
bill. The description of the assemblage of a "meeting," a
"conference," etc., is not important; its character is. A
"convention" as used in the appropriation bill, is a "meeting
of members, or delegates of a private organization, party,
club, society, or the like." See our opinion No. 0-1737. The
character of the organization as "private" or "official" depends,
not alone upon its purpose, but also upon its membership. The
Constitution and By-laws of the Association reveal that the as-
sociation is a "private organization." The private character
of the organization is emphasized by the folowing provisions:

(1) Private individuals, firms and corporations may
be "associate" members.

(2) Dues are collected from all members, regular and

associate; these dues are not collected by authority of the
State; they are expended without an appropriation thereof,
(which would be required if they were "public monies"), and
for purposes for which, if these funds were not the property
of a private organization, they could not be expended. (For
instance, floral tributes in event of sickness or death in
the household of a member of the association.)

We trust that the foregoing answers your inquiry.
In the future, you should request the approval of this De-
partment in advance of attendance upon the meetings of this
organization.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Richard W. Fairchild
Assistant

RWF:nw

APPROVED JUL. 18, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By /s/B.W.B., Chairman